Juan Manuel Olmos VILLALOBOS,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–76532.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2006.*

Filed April 10, 2006.

Juan Manuel Olmos Villalobos, Van Nuys, CA, pro se.

CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Juan Manuel Olmos Villalobos, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order pretermitting his application for cancellation of removal on the ground that he is statutorily precluded from establishing good moral character. We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review whether an alien's conduct falls within a per se exclusion category for purposes of eligibility for cancellation of removal. *Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir. 2003). We review questions of law de novo, *Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1009 (9th Cir.2005), and findings of fact for substantial evidence, *Moran v. Ashcroft,* 395 F.3d 1089, 1091 (9th Cir.2005). We grant the petition for review, and remand for further proceedings.

Villalobos testified that he assisted his wife when entering the United States without inspection near Tijuana. The BIA concluded that he was statutorily ineligible for cancellation of removal and ineligible for a waiver. *See* 8 U.S.C. §§ 1101(f)(3), 1182(a)(6)(E)(i) (stating that an alien who assists another alien to enter the United States in violation of the law fails the moral character requirement for cancellation of removal). The agency, however, did not have the benefit of this court's recent decision in *Moran,* 395 F.3d at 1094, which indicates that Villalobos is eligible for a family unity waiver. *See id.* (stating that "the alien-smuggling provision ... does not operate to deny the applicant statutory eligibility under 8 U.S.C. § 1229b(b)(1)(B) for cancellation of removal ... because the Attorney General may waive the applicability of the alien-smuggling provision" when the applicant assisted his spouse to enter the United States in violation of the law). Villalobos therefore remains eligible for cancellation of removal and the agency improperly pretermitted his application. *See id.*

In accordance with *INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam), we remand for

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

further proceedings consistent with this decision.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the